DONGELL LAWRENCE FINNEY LLP
JASON M. BOOTH (SBN 143437)
(mbooth@dlflawyers.com)
HILLARY ARROW BOOTH (SBN 125936)
(hbooth@dlflawyers.com)
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

Attorneys for Defendant
TRENCH PLATE RENTAL COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRENCH PLATE RENTAL COMPANY, a corporation,<br><br>Defendant. | Case No.: 3:07-cv-04130-CRB<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES** |

Defendant Trench Plate Rental Company ("Trench Plate") now answers the Complaint and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint and states affirmative defenses, as follows:

## I.    INTRODUCTION

1.    Answering paragraph 1 of the Complaint, Trench Plate admits that plaintiff California Sportfishing Protection Alliance's ("CSPA") complaint seeks relief for Trench Plate's alleged discharges of polluted storm water and non-storm water pollutants from Trench Plate's facility ("Facility") into the waters of the

TPRC 10080.1697

1  United States in alleged violation of the Federal Water Pollution Control Act, 33

2  U.S.C. Section 1251, *et seq.* (the "Act") and National Pollutant Discharge

3  Elimination System ("NPDES") Permit No. CAS000001, California Regional

4  Water Quality Control Board, Central Valley Region ("Regional Board") Order No.

5  92-12-DWQ as amended by Order No. 97-03-DWQ (the "Order" or "Permit").

6  Trench Plate denies the other allegations of paragraph 1.

7        2.    Answering paragraph 2 of the Complaint, Trench Plate lacks

8  information sufficient to form a belief as to the facts alleged, and on that basis,

9  Trench Plate denies them.

10        3.    Answering paragraph 3 of the Complaint, Trench Plate lacks

11  information sufficient to form a belief as to the facts alleged.

12  **II.    JURISDICTION AND VENUE**

13        4.    Answering paragraph 4 of the Complaint, Trench Plate admits that

14  CSPA has brought this civil suit under the citizen suit enforcement provisions of

15  the Act.  Trench Plate lacks information sufficient to form a belief as to the other

16  allegations of paragraph 4, and on that basis, Trench Plate denies them.

17        5.    Trench Plate admits the allegations of paragraph 5.

18        6.    Answering paragraph 6 of the Complaint, Trench Plate admits that

19  more than sixty days have passed since the May 16, 2007 notice was served on

20  Trench Plate.  Trench Plate lacks information sufficient to form a belief as to the

21  other allegations of paragraph 6, and on that basis, Trench Plate denies them.

22        7.    Answering paragraph 7 of the Complaint, Trench Plate lacks

23  information sufficient to form a belief as to the facts alleged, and on that basis,

24  Trench Plate denies them.

25  **III.    PARTIES**

26        8.    Answering paragraph 8 of the Complaint, Trench Plate lacks

27  information sufficient to form a belief as to the facts alleged, and on that basis,

28  Trench Plate denies them.

9.    Answering paragraph 9 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

10.    Answering paragraph 10 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

11.    Trench Plate admits that it is organized under the laws of the State of California. Trench Plate further admits that it operates a heavy equipment rental facility in Pittsburg, California, and that it has been designated under Standard Industrial Classification Code 7353. As to "possibly other SIC Codes,", Trench Plate lacks information sufficient to form a belief as to this allegation, and on that basis, Trench Plate denies it.

## IV.    STATUTORY AND REGULATORY BACKGROUND

12.    Answering paragraph 12 of the Complaint, Trench Plate admits to the language of Section 301(a) of the Act, 33 U.S.C. § 1311(a), and denies any mischaracterizations of Section 301(a).

13.    Answering paragraph 13 of the Complaint, Trench Plate admits to the language of section 402(p) of the Act and denies any mischaracterizations of Section 402(p).

14.    Answering paragraph 14 of the Complaint, Trench Plate admits to the language of section 402 of the Act and denies any mischaracterizations of Section 402.

15.    Trench Plate admits the allegations of paragraph 15.

16.    Answering paragraph 16 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

17.    Answering paragraph 17 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

18.    Answering paragraph 18 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

19.    Answering paragraph 19 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

20.    Answering paragraph 20, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate claims them.

21.    Answering paragraph 21 of the Complaint, Trench Plate admits to the language of the General Permit as it relates to Storm Water Pollution Prevention Plan ("SWPPP") and denies any mischaracterizations of the General Permit as it relates to SWPPP.

22.    Answering paragraph 22 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

23.    Answering paragraph 23 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

24.    Answering paragraph 24 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

25.    Answering paragraph 25 of the Complaint, Trench Plate admits to the language of (but change "General Permit" to "Act") the General Permit and denies any mischaracterizations of the General Permit.

26.    Trench Plate admits the allegations of paragraph 26.

1    27.    Answering paragraph 27 of the Complaint, Trench Plate lacks

2   information sufficient to form a belief as to the facts alleged, and on that basis,

3   Trench Plate denies them.

4    28.    Answering paragraph 28 of the Complaint, Trench Plate admits to the

5   language of the Basin Plan and denies any mischaracterizations of the Basin Plan.

6    29.    Answering paragraph 29 of the Complaint, Trench Plate admits to the

7   language of the Basin Plan and denies any mischaracterizations of the Basin Plan.

8    30.    Answering paragraph 30 of the Complaint, Trench Plate admits to the

9   language of the Basin Plan and denies any mischaracterizations of the Basin Plan.

10    31.    Answering paragraph 31 of the Complaint, Trench Plate admits to the

11   language of the Basin Plan and denies any mischaracterizations of the Basin Plan.

12   **V.    STATEMENT OF FACTS**

13    32.    Trench Plate admits that it operates a heavy equipment facility at 530

14   Garcia Avenue, Pittsburg, California.  Trench Plate further admits that it has been

15   designated under Standard Industrial Classification Code 7353.  Trench Plate

16   admits that it filed a notice of intent to comply with the General Permit on or about

17   July 1, 1999, but denies that it was filed belatedly.

18    33.    Answering paragraph 33 of the Complaint, Trench Plate lacks

19   information sufficient to form a belief as to the facts alleged, and on that basis,

20   Trench Plate denies them.

21    34.    Trench Plate admits that activities at the Facility include heavy

22   equipment loading and unloading, storage and maintenance.  Trench Plate denies

23   that its industrial operations occur 24 hours per day on a continuous basis

24   throughout the year.

25    35.    Trench Plate admits that it channels storm water on the Facility

26   through one or more discharge points.  Answering the remaining allegation of

27   paragraph 35, Trench Plate lacks information sufficient to form a belief as to the

28   allegation, and on that basis, Trench Plate denies it.

36.    Answering paragraph 36 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

37.    Answering paragraph 37 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

38.    Answering paragraph 38 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

39.    Trench Plate denies the allegations of paragraph 39.

40.    Trench Plate admits the allegations of paragraph 40.

41.    Trench Plate denies the allegations of paragraph 41.

42.    Trench Plate denies the allegations of paragraph 42.

43.    Trench Plate denies the allegations of paragraph 43.

44.    Trench Plate denies the allegations of paragraph 44.

45.    Trench Plate denies the allegations of paragraph 45.

46.    Trench Plate denies the allegations of paragraph 46.

47.    Trench Plate denies the allegations of paragraph 47.

48.    Trench Plate denies the allegations of paragraph 48.

49.    Trench Plate denies the allegations of paragraph 49.

50.    Trench Plate denies the allegations of paragraph 50.

51.    Answering paragraph 51 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

52.    Trench Plate denies the allegations of paragraph 52.

53.    Answering paragraph 53 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

54.    Trench Plate denies the allegations of paragraph 54.

55.    Answering paragraph 55 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

56.    Answering paragraph 56 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

57.    Answering paragraph 57 of the Complaint, Trench Plate lacks information sufficient to form a belief as to the facts alleged, and on that basis, Trench Plate denies them.

## VI.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

Failure to Develop and Implement the Best Available and

Best Conventional Treatment Technologies

(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

58.    Trench Plate incorporates its responses to paragraphs 1-57.

59.    Trench Plate admits that the General Permit's SWPPP requirements require dischargers to reduce or prevent pollutants in their storm water discharges through implementation of BAT for toxic and nonconventional pollutants and BCT for conventional pollutants.  Trench Plate denies the other allegations in paragraph 59.

60.    Trench Plate denies the allegations in paragraph 60.

61.    Trench Plate denies the allegations in paragraph 61.

### SECOND CAUSE OF ACTION

Failure to Prepare, Implement, Review, and Update an

Adequate Storm Water Pollution Prevention Plan

(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

62.    Trench Plate incorporates its responses to paragraphs 1-61.

63.    Answering paragraph 63 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

64.    Trench Plate denies the allegations on paragraph 64.

65.    There is no paragraph 65 in the Complaint.

66.    Trench Plate denies the allegation in paragraph 66.

67.    Trench Plate denies the allegation in paragraph 67.

68.    Trench Plate denies the allegations in paragraph 68.

## THIRD CAUSE OF ACTION

Failure to Develop and Implement an Adequate Monitoring and Reporting Program

(Violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

69.    Trench Plate incorporates its responses to paragraphs 1-68.

70.    Answering paragraph 70 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

71.    Trench Plate denies the allegations in paragraph 71.

72.    Trench Plate denies the allegations in paragraph 72.

## FOURTH CAUSE OF ACTION

Discharges of Contaminated Storm Water in Violation of Permit Conditions and the Act

(Violations of 33 U.S.C. §§ 1311(a), 1342)

73.    Trench Plate incorporates its responses to paragraphs 1-72.

74.    Answering paragraph 74 of the Complaint, Trench Plate admits to the language of the General Permit and denies any mischaracterizations of the General Permit.

75.    Trench Plate denies the allegation in paragraph 75.

76.    Trench Plate denies the allegations in paragraph 76.

77.    Trench Plate denies the allegation in paragraph 77.

1    78.    Trench Plate denies the allegation in paragraph 78.

2    79.    Trench Plate denies the allegation in paragraph 79.

3    80.    Trench Plate denies the allegations in paragraph 80.

4                    FIFTH CAUSE OF ACTION

5            False Certification of Compliance in Annual Report

6    (Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

7    81.    Trench Plate incorporates its responses to paragraphs 1-80.

8    82.    Trench Plate denies the allegation in paragraph 82.

9    83.    Trench Plate denies the allegations in paragraph 83.

10  **VII.    AFFIRMATIVE DEFENSES**

11            Trench Plate hereby asserts the following Affirmative Defenses in this case:

12    1.    CSPA fails to state a claim against Trench Plate on which relief can be

13            granted.

14    2.    CSPA lacks standing to bring this citizen suit under the Act because

15    Trench Plate has at all relevant times had in place and in active implementation a

16    Storm Water Pollution Prevent Program ("SWPPP") at its facility.  On May 16,

17    2007, CSPA provided Trench Plate with the 60 day Notice of Intent to Sue,

18    claiming unlawful discharges from the facility.  In response, Trench Plate held an

19    onsite meeting with CSPA representatives and promptly commissioned an updated

20    and revised SWPPP, dated July 1, 2007.  The SWPPP contains structural and non-

21    structural BMPs, many of which were suggested by CSPA, and all of which are

22    consistent with the BAT and BCT.  Trench Plate has implemented its updated and

23    revised SWPPP and did so before CSPA served its lawsuit.  CSPA therefore lacks

24    standing to pursue this citizen suit under the Act.

25    3.    CSPA's Complaint should be dismissed as moot because Trench Plate

26    in response to CSPA's 60 day notice implemented an updated and revised SWPPP

27    and did so before CSPA served its lawsuit.

28    4.    CSPA's Complaint is barred by the applicable statutes of limitation.

1    5.    CSPA's action is not maintainable under the equitable doctrine of

2        laches.

3    6.    CSPA is not entitled to equitable relief, as CSPA is guilty of conduct

4  directly related to the merits of the controversy between the parties, sufficient to

5  affect the equitable relations between the parties, and sufficient to invoke the

6  doctrine of unclean hands.

7    7.    By reason of its own acts and omissions, CSPA has waived its right to

8  maintain this action.

9    8.    By reason of its own acts and omissions, CSPA is estopped by

10  operation of law from maintaining this action.

11    9.    CSPA is guilty of unclean hands in the matters set forth in the

12  Complaint, which conduct extinguishes, in whole or in part, CSPA's right to legal

13  or equitable relief in this action.

14    10.    Trench Plate's conduct was not the cause in fact nor the proximate

15  cause of any damages alleged, which damages Trench Plate denies, barring any

16  recovery against Trench Plate on the Complaint and each alleged cause of action.

17    11.    The damages alleged in the Complaint and each alleged cause of

18  action, which damages Trench Plate denies, were sustained as a result of an

19  intervening or superseding cause, barring any recovery against Trench Plate.

20    12.    The Complaint, and each cause of action thereof, is barred by CSPA's

21  approval and/or ratification of the conduct of Trench Plate complained of in the

22  Complaint. Trench Plate's updated 2007 SWPPP contains structural and non-

23  structural BMPs, many of which were suggested by CSPA, and all of which are

24  consistent with the BAT and BCT.

25    13.    Trench Plate has fully performed all conditions, covenants and

26  promises required of them to be performed.

27    14.    CSPA's Complaint is barred for failure to exhaust all administrative

28  remedies available to CSPA.

15.    Trench Plate presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Trench Plate herein reserves its right to assert additional defenses in the event discovery indicates that it would be appropriate.

WHEREFORE, Trench Plate prays this Honorable Court for the following relief:

1.    For an order that CSPA shall take no relief from their Complaint herein;

2.    For dismissal of CSPA's action with prejudice;

3.    For an award of Trench Plate's costs and attorneys' fees herein incurred; and

4.    For such further and other relief that the Court deems fair and just.

Dated:  November 30, 2007          DONGELL LAWRENCE FINNEY LLP


By: _____
    Jason M. Booth
    Hillary Arrow Booth
    Attorneys for Defendant
    Trench Plate Rental Company

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On the date set forth below, I served the foregoing document described as follows: **ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES** on the interested parties in this action by placing ___ the original/ X a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

## SEE ATTACHED SERVICE LIST

[ X ]    BY MAIL  I deposited such envelopes in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[ ]    BY PERSONAL SERVICE  I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ]    BY FEDEX  I caused such envelopes to be served via FedEx. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[ ]    BY FACSIMILE MACHINE:  The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 943-6101 on said date and the transmission was reported as complete and without error.

[ ]    BY ELECTRONIC TRANSMISSION:  The foregoing document was transmitted via electronic mail to the addressee(s), at the e-mail address(es) indicated on the attached service list.

[ ]    (STATE)  I declare under penalty of perjury that the foregoing is true and correct.

[X]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 30, 2007, at Los Angeles, California.

_____
Desiree Caudillo

1

**PROOF OF SERVICE**

<u>SERVICE LIST</u>
<u>*California Sportfishing Protection Alliance v. Trench Plate Rental Co.*</u>
<u>*USDC Case No. 3:07-cv-04130-CRB*</u>

Michael R. Lozeau, Esq.                          *Attorneys for Plaintiff*
Douglas J. Chermak, Esq.                      *California Sportfishing Protection*
Law Office of Michael R. Lozeau          *Alliance*
1516 Oak Street, Ste. 216
Alameda, CA 94501
Telephone: (510) 749-9102
Facsimile:  (510) 749-9103
E-mail:      mrlozeau@lozeaulaw.com;
djchermak@lozeaulaw.com


Andrew L. Packard, Esq.                          *Attorneys for Plaintiff*
Michael P. Lynes, Esq.                            *California Sportfishing Protection*
Law Offices of Andrew L. Packard          *Alliance*
319 Pleasant Street
Petaluma, CA 94952
Telephone: (707) 763-7227
Facsimile:  (707) 763-9227
E-mail:
andrew@packardlawoffices.com;
michael@packardlawoffices.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**