ANDREW L. PACKARD (Bar No. 168690)
MICHAEL P. LYNES (Bar No. 230462)
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA  94952
Tel:  (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

MICHAEL R. LOZEAU (Bar No. 142893)
DOUGLAS J. CHERMAK (Bar No. 233382)
Law Office of Michael R. Lozeau
1516 Oak Street, Suite 216
Alameda, CA  94501
Tel:  (510) 749-9102
Fax: (510) 749-9103
E-mail: mrlozeau@lozeaulaw.com

Attorneys for Plaintiff California Sportfishing Protection Alliance

DONGELL LAWRENCE FINNEY LLP
JASON M. BOOTH (SBN 143437)
HILLARY ARROW BOOTH (SBN 125936)
707 Wilshire Blvd., 45th Floor
Los Angeles, CA  90017
Tel:  (213) 943-6100
Fax: (213) 943-6101
E-mail: jbooth@dlflawyers.com
          hbooth@dlflawyers.com

Attorneys for Defendant Trench Plate Rental Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation;<br><br>          Plaintiff,<br><br>     vs.<br><br>TRENCH PLATE RENTAL COMPANY, a corporation;<br><br>          Defendant. | Case No. C-07-4130-CRB<br><br>JOINT CASE MANAGEMENT STATEMENT<br>(Local Rule 16-9(a))<br><br>*[Honorable Charles R. Breyer]*<br><br>Conference Date:  December 14, 2007<br>Time:                    8:30 a.m.<br>Courtroom:         8 |

1    This Joint Case Management Statement is submitted on behalf of Plaintiff
2    California Sportfishing Protection Alliance ("CSPA" or "Plaintiff") and Defendant
3    Trench Plate Rental Company ("Trench Plate" or "Defendant") pursuant to the
4    Court's August 10, 2007 Order Setting Initial Case Management Conference and
5    ADR Deadlines.

6    **1.    Jurisdiction and Service.**

7    CSPA's Complaint alleges that jurisdiction and venue are based on section
8    505 of the federal Clean Water Act ("Act"), 33 U.S.C. § 1365 and 28 U.S.C. §
9    1331.

10    Trench Plate was served with the Complaint on October 24, 2007.  Currently,
11    CSPA does not intend to serve additional parties.

12    **2.    Facts.**

13    The case is a citizen suit enforcement action filed under section 505 of the
14    federal Clean Water Act, 33 U.S.C. § 1365.  The Complaint alleges that Defendant
15    has violated and continues to violate the terms of the National Pollutant Discharge
16    Elimination System ("NPDES") Permit[1] addressing storm water pollution
17    discharged from the Defendant's facility located in Pittsburg, California.

18    The Complaint more specifically alleges that Defendant failed to comply
19    with the terms of the General Permit and the Act because Defendant's facility
20    discharges storm water containing pollutants into waters of the United States
21    without meeting the requirements of the General Permit.  CSPA also claims that
22    Defendant has failed and continues to fail to perform certain requirements of the
23    Permit, including implementing proper storm water controls and conducting annual

24

25    [1]    The NPDES Permit that CSPA alleges Defendant is violating is entitled "State Water
26    Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge
     Elimination System General Permit No. CAS000001, Waste Discharge Requirements for
27    Discharges of Storm Water Associated with Industrial Activities Excluding Construction
     Activities."

28

1  monitoring and reporting.  Based upon these allegations, CSPA seeks declaratory

2  and injunctive relief, civil penalties, attorneys' fees and costs.

3       Trench Plate disputes each and every allegation of the Complaint,

4  particularly that it has discharged, or continues to discharge, any pollutants from its

5  site in violation of the law.  To the extent that any past discharges could be shown to

6  exceed EPA benchmarks, as alleged by CSPA, said discharges do not constitute a

7  violation of the Clean Water Act.  Trench Plate has at all relevant times, had in

8  place and in active implementation, a Storm Water Pollution Prevent Program

9  ("SWPPP") at its facility, in compliance with the General Permit.  The SWPPP

10 contains structural and non-structural BMPs, many of which were suggested by

11 CSPA, and all of which are consistent with the Best Available Technology

12 Economically Achievable ("BAT") and Best Conventional Pollutant Control

13 Technology ("BCT").  Trench Plate has implemented its updated and revised

14 SWPPP and did so before CSPA served its lawsuit.

15       3.     Legal Issues.

16 **Plaintiff's Contentions.**

17      The Clean Water Act is a strict liability statute.  Plaintiff has alleged that, as a

18 matter of law, Defendant has discharged pollutants in storm water from the Facility

19 in violation of its NPDES Permit.  Specifically, Defendant has failed to implement

20 an adequate Storm Water Pollution Prevent Plan ("SWPPP"), and failed to

21 implement adequate Best Management Practices ("BMPs") to achieve the Best

22 Available Technology Economically Achievable ("BAT") for toxic pollutants and

23 Best Conventional Pollutant Control Technology ("BCT") for conventional

24 pollutants standards set forth in the General Permit.  Plaintiff alleges that Defendant

25 has been in violation of these requirements each day since at least May 16, 2002.

26 **Defendants' Contentions.**

27      While the Act permits citizen suits for *ongoing* violations (*Gwaltney of*

28

1  *Smithfield v. Chesapeake Bay Foundation, Inc.* (1987) 484 U.S. 49, 50), the Act

2  prohibits citizen suits for wholly past violations.  (*Steel Co. v. Citizens for a Better*

3  *Environment* (1998) 523 U.S. 83, 110.)

4       Trench Plate disputes any allegation that it has discharged or continues to

5  discharge pollutants in storm water from the facility in violation of the General

6  Permit.  Trench Plate further disputes any allegation that it has failed to implement

7  proper storm water controls.  Trench Plate has at all relevant times, had in place and

8  in active implementation, a SWPPP and more recently, an updated and revised

9  SWPPP, and has monitored, tested and reported in compliance with its permit

10  obligations.

11       **4.      Motions.**

12       Defendant is contemplating a motion or motions pursuant to Rule 12.  The

13  parties anticipate filing motions for summary judgment.

14       **5.      Amendments of the Pleadings.**

15       None.

16       **6.      Evidence Preservation.**

17       CSPA has already prepared its initial disclosures in this matter and has

18  ensured that none of the relevant documents in its possession will be discarded or

19  destroyed.

20       Trench Plate will produce its initial disclosures pursuant to Federal Rules of

21  Civil Procedure Rule 26 and it too has ensured that none of the relevant documents

22  in its possession will be discarded or destroyed.

23       **7.      Disclosures.**

24       The parties intend to exchange initial disclosures pursuant to the Court's

25  Order Setting Initial Case Management Conference and ADR Deadlines.  CSPA's

26  initial disclosures will include the documents upon which it based the allegations of

27  the Complaint, including the applicable NPDES Permit, the San Francisco Bay

28

1   Basin Plan, Trench Plate Rental's Annual Reports (2002 to present), Trench Plate's

2   Notice of Intent to Comply with the terms of the General Permit, and CSPA's

3   Notice of Intent to Sue, served on Trench Plate on or about May 16, 2007.

4        Trench Plate will provide a copy of its SWPPP.  The parties have agreed that

5   they need not exchange documents that are already matters of public record.

6        **8.    Discovery.**

7        The parties have not engaged in any written discovery to date.  The parties do

8   not anticipate any proposed limitations or modifications to the discovery rules.

9        **(a)    Scope of Anticipated Discovery.**

10           **(1)    Plaintiff's Discovery.**

11       CSPA will conduct a combination of written discovery, site inspections and

12   depositions.  CSPA is requesting four site inspections of Defendant's facility to take

13   place over the 2007-2008 rainy seasons (from October 1st through May 31st), at

14   least three of which will be requested to occur during rain events.  Once the parties'

15   initial disclosures are completed, CSPA intends to serve Defendant with requests for

16   production of documents, requests for admissions and written interrogatories.

17   CSPA anticipates conducting discovery on several topics, including:

18           i.    Potential sources for pollution of storm water at the

19                 Defendant's Facility;

20           ii.   Defendant's structural and procedural management

21                 practices and actions for achieving compliance with the

22                 Clean Water Act at the Facility;

23           iii.  Information relating to Defendant's interactions with the

24                 California Regional Water Quality Control Board for the

25                 San Francisco Bay Region; and

26           iv.   Defendant's financial information for the assessment of

27                 civil penalties.

28

1    CSPA would intend to depose employees, managers and other agents of

2    Defendant who may have relevant information.  Although CSPA has attempted to

3    provide a thorough overview of the issues upon which it intends to focus its

4    discovery efforts, the above list may be expanded as CSPA's investigation unfolds.

5                      **(2)    Defendant's Discovery.**

6    Trench Plate will propound written discovery and take depositions of

7    representatives of CSPA and relevant third parties with respect to the allegations

8    made by CSPA in its Complaint, the affirmative defenses which will be alleged by

9    Trench Plate in its Answer, and any other areas of inquiry which may provide

10   information relevant to Trench Plate's defense of this action.

11                   **(3)    Plaintiff's Proposed Discovery Plan.**

12               August 1, 2008 – Complete all non-expert discovery;

13               October 1, 2008 –  Complete expert disclosures;

14               November 1, 2008 – Complete rebuttals to expert;

15               February 19, 2009 – Complete all expert discovery.

16                   **(4)    Defendant's Proposed Discovery Plan.**

17               Pursuant to Rule 26(f), Trench Plate does not propose any different

18   timing on disclosures other than those set forth in the Federal Rules of Civil

19   Procedure, and does not propose any special limitations on discovery.  The parties

20   should produce electronically stored information in a manner acceptable to both

21   parties.  Trench Plate proposes a percipient discovery cutoff date of April 1, 2008.

22   **9.    Class Actions.**

23   This is not a class action matter.

24   **10.    Related Cases.**

25   There are no related cases to this matter.

26   **11.    Relief.**

27        **(1) Plaintiff's Request for Relief:**

28

(a)    Declare Defendant to have violated and to be in violation of the Act;

(b)    Enjoin Defendant from discharging polluted storm water from the facility unless authorized by the General Permit;

(c)    Enjoin Defendant from further violating the substantive and procedural requirements of the General Permit;

(d)    Order Defendant to immediately implement storm water pollution control and treatment technologies and measures that are equivalent to the Best Available Pollution Control Technology or Best Conventional Pollutant Control Technology standards set forth in the General Permit, and to prevent pollutants in the Facility's storm water from contributing to violations of any water quality standards in the Delta;

(e)    Order Defendant to provide Plaintiff with reports documenting the quality and quantity of its discharges to waters of the United States and its efforts to comply with the Act and the Court's orders;

(f)    Order Defendant to pay civil penalties of $27,500 per day per violation for all violations occurring before March 15, 2004, and $32,500 per day per violation for all violations occurring after March 15, 2004, for each violation of the Act pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d), 1365(a) and 40 C.F.R. §§ 191. – 19.4;

(g)    Order Defendant to take appropriate actions to restore the quality of the navigable waters impaired or adversely affected by its activities;

(h)    Award Plaintiff's costs (including reasonable investigative, attorney, witness, and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and

(i)    Award any such other and further relief as this Court may deem appropriate.

**(2) Defendant's Request for Relief:**

(a)    Enter judgment in favor of Trench Plate with an award of attorneys' fees and costs.

**12.    Settlement and ADR.**

**Settlement.**  Settlement negotiations between the parties are ongoing. CSPA believes that this matter can and should be resolved efficiently without additional discovery or motion practice.  However, if settlement discussions reach an impasse, CSPA believes that a full set of discovery, including interrogatories, requests for admissions, requests for production of documents, and at least two site inspections will be necessary to collect the information necessary for settlement. However, the parties have recently made significant progress in settlement negotiations, and are hopeful that this matter will resolve shortly.

**ADR.** The parties have filed ADR Certifications and have agreed to mediation.  On October 26, 2007, the Court issued an order referring this case to mediation within ninety (90) days.

**13.    Consent to Magistrate Judge for all Purposes.**

Plaintiff does not consent to a magistrate judge for all purposes.

**14.    Other References.**

None.

**15.    Narrowing of Issues.**

Plaintiff proposes that the following issues be narrowed by agreement or motion:

(1)    That Trench Plate Rental Company is the operator of the Facility located at 530 Garcia Avenue, Pittsburg, CA;

(2)    That Trench Plate Rental Company's Facility in Pittsburg, CA is subject to the terms of the General Industrial Storm Water Permit;

(3)    That Trench Plate Rental Company's Facility discharges storm water from at least two discharge points at its Facility in Pittsburg, California;

(4)    That storm water from Trench Plate Rental Company's Facility enters the storm drain system of the City of Pittsburg;

(5)    That the storm drain system of the City of Pittsburg discharges into the San Joaquin River;

(6)    That the San Joaquin River is a "water of the United States" as defined under the Clean Water Act;

(7)    That the San Joaquin River is a tributary of the Sacramento-San Joaquin Delta ("the Delta");

(8)    That the Delta is a water of the United States;

(9)    That the Delta is a tributary of the San Francisco Bay;

(10)    That the San Francisco Bay is a "water of the United States" as defined under the Clean Water Act;

(11)    That Trench Plate Rental Company stores industrial materials out-of-doors and exposed to rainfall at the Facility;

(12)    That on at least six occasions since May 16, 2002, storm water discharged from Trench Plate Rental Company's facility contained pollutants in excess of the EPA Benchmark Values; and

(13)    That CSPA issued a valid 60-day notice letter to Trench Plate Rental on or about May 16, 2007.

Trench Plate proposes that the following issues be narrowed by agreement or motion:

(1)    Exceeding EPA benchmark values does not constitute a per se violation of the Industrial Storm Water General Permit;

(2)     Trench Plate has at all relevant times had in place a SWPPP at its facility; and

(3)     Trench Plate updated and revised its SWPPP, dated July 1, 2007, in direct response to CSPA's 60 day notice.

**16.     Expedited Schedule.**

The Parties do not believe expedited procedures are required.

**17.     Scheduling (Designation of Experts, Discovery Cutoff, etc.).**

**Trench Plate proposes the following scheduling:**

Expert Disclosures:  June 2, 2008;

Expert Discovery Cutoff Date:  August 1, 2008;

Deadline for Hearing on Dispositive Motions:  September 15, 2008;

Pretrial Conference:  October 15, 2008; and

Trial:  November 17, 2008.

**CSPA proposes the following schedule:**

March 13, 2009 – Deadline for parties to file Motions for Summary Judgment;

May 15, 2009 - Last day to meet/confer to prepare joint final Pretrial Conference Statement;

May 24, 2009 - File joint final Pretrial Conference Statement/Order;

June 4, 2009 - Lodging of Exhibits and Other Trial Material;

June 11, 2009 - Deadline for filing/service of Briefs on all significant disputed issues of law;

June 21, 2009 - File/serve statements designating excerpts from Depositions, Interrogatory Answers, and Responses to Requests for Admission to be offered at Trial other than for impeachment or rebuttal;

June 28, 2009 - Date by which parties objecting to receipt into

1   evidence of any proposed testimony or exhibit must advise and confer

2   with opposing party with respect to resolving such objection;

3   July 11, 2009 - Final Pretrial Conference; and

4   August 11, 2009 – Trial.

5   **18.   Trial.**

6   CSPA has requested a jury trial.  The parties believe that trial will take

7   3-5 days.

8   **19.   Disclosure of Non-party Interested Entities or Persons.**

9   CSPA has filed its "Certification of Interested Entities or Persons" required

10  by Civil Local Rules 3-16.  The parties are not aware of any non-party interested

11  entities or persons.

12  **20.   Other matters.**

13  None.

14  Respectfully submitted,

15

16  Dated:  November 30, 2007          DONGELL LAWRENCE FINNEY LLP

17                                     By:    /s/ Jason M. Booth
18                                            Jason M. Booth
                                              Hillary Arrow Booth
19                                            Attorneys for Defendant
                                              TRENCH PLATE RENTAL COMPANY
20                                            [E-signed with authorization of counsel]

21  Dated:  November 30, 2007          LAW OFFICES OF ANDREW L. PACKARD
                                       LAW OFFICE OF MICHAEL R. LOZEAU
22
                                       By:    /s/ Michael Lynes
23                                            Andrew L. Packard
                                              Michael P. Lynes
24                                            Attorneys for Plaintiff
                                              CALIFORNIA SPORTFISHING
25                                            PROTECTION ALLIANCE

26

27

28

JOINT CASE MANAGEMENT STATEMENT                    Case No. C-07-4130-CRB